# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1646
Lower Tribunal No. 20-11484
_____

**Laurentina Kocik, etc.,**
Appellant,

vs.

**Jorge Fernandez, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Nelson Mullins Riley and Scarborough, and Mark F. Raymond, Kimberly J. Freedman, and Francisco Armada, for appellant.

Legon Fodiman & Sudduth, P.A., and Todd R. Legon, and Jeffrey A. Sudduth, for appellees.

Before SCALES, LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellant Laurentina Kocik appeals from a final judgment in favor of Appellee Jorge Fernandez, which requires her to sell all her stock in Gem Paver, Inc. for $450,000. This case turns on whether Fernandez has standing to enforce a Buyout Clause in the Shareholder Agreement. Because Fernandez has standing as an agent of Gem Paver under Florida's party in interest rule, we affirm.

## I. BACKGROUND

In 1990, four married couples entered into a Shareholder Agreement for Gem Paver. The Agreement authorized 1,000 shares of stock and distributed the shares among Jorge and Anna Fernandez, Jurek and Laurentina Kocik, Roman and Angela Lannes, and Pablo and Mercedes Diaz. The Agreement contains a Buyout Clause that requires each wife to sell all her shares at a specified price upon the death of her husband:

> A Stockholder (or the personal representative of his estate) shall sell all of his stock in the Corporation, and the Corporation shall purchase all of said stock at a price equal to Ten Thousand Dollars ($10,000.00) for each one percent (1%) of the authorized, issued and outstanding shares of the Corporation owned by that Stockholder . . . upon the occurrence of: (i) as to the stock owned by Kocik, the death of Jurek; (ii) as to the stock owned by Fernandez, the death of Jorge; (iii) as to the stock owned by Lannes, the death of Roman; or (iv) as to the stock owned by Diaz, the death of Pablo.

Throughout the years, numerous transactions took place redistributing the shares among the couples. Two transactions are worth mentioning. The

2

first occurred in 2000 when Roman Lannes was diagnosed with a terminal illness. The Kociks and Fernandezes had an agreement with Roman to purchase his shares, but Roman died before this agreement could be executed. The Buyout Clause was not invoked, and the Kociks and Fernandezes paid Roman's estate the previously agreed upon price.[1]

The second transaction occurred in 2003 when the Fernandezes purchased the Diazes' remaining shares. These transactions resulted in the Kociks and Fernandezes becoming the only remaining shareholders. After a mediated settlement, it was determined that the Kociks owned 45% of Gem Paver while the Fernandezes owned 55%.

In 2019, Jurek Kocik passed away. Upon Jurek's death, Jorge Fernandez sent a letter to Laurentina Kocik (the personal representative of Jurek's estate) notifying her that he was invoking the Buyout Clause. Jorge sought to purchase the Kociks' 45% interest in Gem Paver and tendered Laurentina a check for $450,000. Laurentina refused to sell, resulting in Jorge's underlying action to enforce the Buyout Clause.

Relevant to this appeal, Jorge Fernandez seeks specific performance against Laurentina Kocik, requiring her to sell the Gem Paver shares for

---

[1] The Kociks and Fernandezes paid Roman's estate $125,925.91 for an 8.5% interest. Under the Buyout Clause, the payment would have been $85,000.

3

$450,000. In response, Kocik asserted multiple affirmative defenses, filed a counterclaim for a declaration that she owned the shares, and requested an accounting and distribution. Both parties filed cross motions for partial summary judgment.

The lower court initially denied Fernandez's motion for partial summary judgment, concluding that he lacked standing to enforce the Buyout Clause because he had brought the claim in his individual capacity and that only Gem Paver had standing to seek specific performance. On rehearing the court issued an amended order in favor of Fernandez based on his standing as an agent of Gem Paver.[2] The circuit court subsequently rejected Kocik's affirmative defenses and granted summary judgment against her on her counterclaim. Kocik appealed.

## II. ANALYSIS

As this case is before the Court upon a grant of summary judgment, our standard of review is de novo. See Volusia County. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as

---

[2] Because we affirm the trial court's determination of standing based on agency, we need not address Fernandez's standing in his individual capacity.

4

to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a).

On appeal, Kocik challenges Fernandez's standing to sue for specific performance on behalf of Gem Paver. Though Fernandez brought this action in his own name, it is clear from the allegations and relief requested in the Complaint that Fernandez sought specific performance on Gem Paver's behalf. Specifically, under Count I for Specific Performance, the Complaint provides as follows:

> 43. Paragraph 4 of the Shareholders' Agreement **requires Defendant to sell all of the Kocik Shares to Gem Paver Systems, Inc.** at a price of $10,000 for each one percent (1%) of the corporation owned by the Kocik Shareholder upon the death of Jurek Kocik.

> 44. Accordingly, following the death of Jurek Kocik, Defendant was and remains obligated to sell the Kocik Shares, which represent 45% of the outstanding shares of Gem Paver Systems, Inc., **to Gem Paver Systems, Inc.** for the price of $450,000.00.

> . . . .

> 51. Upon a finding by this Court that Kocik has breached the Shareholders' Agreement, **Plaintiff demands specific performance of the Shareholders' Agreement by Defendant, requiring Defendant to accept the $450,000.00 payment for the Kocik Shares, convey title for the Kocik Shares back to Gem Paver Systems, Inc.** .
> . . .

5

(Emphasis added).

Consistent with the Complaint, Fernandez submitted an affidavit, as the corporate representative of Gem Paver, with his motion for summary judgment, which averred that "when Mr. Kocik passed away in September 2019, I became the sole director and/or officer of Gem Paver." The affidavit further stated that Fernandez was "acting as Gem Paver's agent in prosecuting this action on its behalf, and Gem Paver has authorized Mr. Fernandez to prosecute and proceed in whatever matter and/or method of practice that Mr. Fernandez deems appropriate in pursuing this action on Gem Paver's behalf." The affidavit also ratified all past action taken by Fernandez in enforcing the Shareholders' Agreement.

In her response to Fernandez's motion for summary judgment, Kocik objected to the affidavit as false and self-serving. But Kocik never objected to Fernandez's authority to act on behalf of Gem Paver. Because this was never objected to, the trial court concluded that it was undisputed Fernandez was Gem Paver's agent:

> The undisputed evidence is that Gem Pavers appointed Fernandez as its agent in the case. In doing so, Gem Pavers authorized each and every action taken by Fernandez and has agreed to be legally bound by any action taken to judgment in this case. Pursuant to Florida rules of civil procedure 1.210, Fernandez has standing to pursue these

6

> claims on Gem Pavers behalf and the fact that Gem Pavers authorized Fernandez to act as his agent after the lawsuit was filed does not alter this Court's decision. See Kumar Corp. v. Nopal Lines, Ltd., 462 So. 2d 1178 (Fla. 3d DCA 1985).

On appeal, Kocik raises for the first time an argument that Gem Paver could not appoint Fernandez as its agent because doing so would require unanimous shareholder approval under the Agreement. Because this argument was not made in the trial court, it cannot be presented for the first time on appeal. See, e.g., Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal. 'In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.'" (citations omitted) (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla.1985))).

We therefore find no error with the trial court's conclusion that the undisputed evidence was that Gem Paver appointed Fernandez as its agent. Accordingly, we agree that pursuant to Florida Rule of Civil Procedure 1.210, Fernandez had standing to sue on behalf of Gem Paver in his own name. See Fla. R. Civ. P. 1.210(a) ("Every action may be prosecuted in the name of the real party in interest, but a personal representative, administrator,

guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought."); see also Kumar, 462 So. 2d at 1185 ("Florida real party in interest rule is permissive only, and a nominal party, such as an agent, may bring suit in its own name for the benefit of the real party in interest. . . . It is a fundamental proposition of the law of agency that a principal may subsequently ratify its agent's act, even if originally unauthorized, and such ratification relates back and supplies the original authority." (footnote and citations omitted)).

### a. Kocik's Affirmative Defenses

Kocik raised two affirmative defenses as to why the Buyout Clause is unenforceable. First, that Fernandez waived enforcement of the Clause through his past transactions—specifically, the purchase of Roman Lannes's shares after his death. Second, that the Buyout Clause discriminates on the basis of gender and violates the Equal Protection Clause of the U.S. Constitution as well as Article 10, Section 5 of the Florida Constitution.

### i. Waiver

Waiver is the voluntary and intentional relinquishment of a known right, and "[a] party may waive any rights to which he or she is legally entitled, by

8

actions or conduct warranting an inference that a known right has been relinquished." Torres v. K-Site 500 Assocs., 632 So. 2d 110, 112 (Fla. 3d DCA 1994).

Kocik argues that the Buyout Clause is unenforceable because it was not invoked after the death of Roman Lannes, thus resulting in Fernandez waiving his right to enforce the Clause in this case. However, the transaction involving Lannes's shares is different from the situation here. Roman Lannes was diagnosed with a terminal illness and reached an oral agreement with the Kociks and Fernandezes to sell his remaining shares. Following Roman's death, both the Kociks and Fernandezes paid Lannes's estate the amount orally agreed upon.

This is a materially different scenario than the present case and does not evince an intent by either the Kociks or Fernandezes to intentionally waive enforcement of the Buyout Clause in the future. Additionally, none of the other transactions that occurred between the shareholders involved the Buyout Clause as they were all inter vivos transfers, and the Buyout Clause is only relevant upon the death of one of the husbands. Thus, we find no waiver occurred here.

### ii. Equal Protection

Kocik also argues that the Buyout Clause violates both the Equal Protection Clause of the U.S. Constitution and Article 10, Section 5 of the Florida Constitution. Kocik reasons that because the Buyout Clause is contingent upon one of the male husbands dying, it discriminates against the female shareholders based on gender. We reject this argument as there is no state action. This is a private contract between private parties. Kocik argues, nonetheless, that Shelley v. Kraemer, 334 U.S. 1 (1948) is applicable. Shelley's application, however, has been limited to racial discrimination. See Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1191 (11th Cir. 1995) ("The holding of *Shelley*, however, has not been extended beyond the context of race discrimination."). We therefore find no constitutional violations.

### b. Kocik's Counterclaim

Kocik brought a counterclaim requesting a declaration that she owned the disputed Gem Paver shares. She also requested an accounting and distribution. Because we affirm the lower court's order enforcing the Buyout Clause, we affirm the court's grant of summary judgment against Kocik on her counterclaim.

### III. CONCLUSION

For the reasons set forth above, we affirm the final summary judgment in favor of Fernandez on his action to enforce the Buyout Clause and affirm the circuit court's judgment in favor of Fernandez on Kocik's counterclaim.

Affirmed.